## JQC: SHEARER
No. 77-22
April 22, 1979

INQUIRY CONCERNING A JUDGE
In Re John H. Shearer, Jr.

## FINDINGS OF FACT, CONCLUSIONS, RECOMMENDATION OF DISCIPLINE

Pursuant to the applicable Rules of the Judicial Qualifications Commission, a Notice of Formal Charges was served upon the respondent Judge. Within those charges were four Counts:

### FINDINGS OF FACT

### COUNT I

1. Count I charged the Judge with abusive conduct to an Assistant State's Attorney.

### COUNT II

1. Count II charged the Judge with impugning the integrity of the State's Attorney while instructing a Grand Jury.

### COUNT III

1. Count III charged the Judge with failing to uphold the law by refusing to cooperate with law enforcement officers in the investigation of an auto accident in which a truck he owned was involved.

2. Count III also charged the Judge with holding himself out as not having the responsibilities of a Judge between the hours of 5 p.m. and 8 a.m. the next morning.

### COUNT IV

1. Count IV charged the Judge with becoming personally involved with pending proceedings and judicially determining the veracity of a witness ex parte and predetermining the sentence he would impose if the defendant were found guilty prior to the trial.

All of said charges constitute violations of the Code of Judicial Conduct.

The respondent judge answered generally denying the charges with certain admissions.

In Count III, the Notice of Formal Charges was as follows:

"3.   On or about May 18, 1977, a pickup truck registered in your name was involved in an accident involving property damage and was driven from the scene thereof. The vehicle was located at the residence of one Cal Jones and you were present at said residence at said time. Deputy Sheriff Rogers conducted an investigation during the course of which you refused to give him any information as to who had been driving the truck or how the truck had been damaged.

4.   On or about Friday, May 20, 1977, Captain Lee Clark of the Lee County Sheriff's office interviewed you relative to the matter in an effort to make an accident report at which time you refused to cooperate in any way and advised him that if he could get enough evidence against you, he should arrest you, but if he could not get enough evidence against you, he should leave you alone and that you are a circuit judge between the hours of 8:00 a.m. and 5:00 p.m. and between 5:00 p.m. and 8:00 a.m. the next morning you are a plain ordinary citizen."

The Answer to the Count filed by the judge was as follows:

"3.   Admitted.

4.   JOHN H. SHEARER, JR., admits that he had a conversation or interview with Capt. Lee Clark on the date alleged, but

(a)   denies that he refused to cooperate in any way, and would affirmatively state that he gave Capt. Clark all information relevant to the questions of automobile insurance, automobile title and ownership, and an explanation as to tag and registration information;

(b)   admits that he claimed the protection of the Fifth Amendment to the Constitution in relation to the name of the driver of the truck involved in the accident, which he had also done at the time of the interview with Deputy Sheriff Rogers alleged in numbered paragraph 3;

(c)   admits that he discussed with Capt. Clark whether or not there was sufficient evidence for his arrest and made statements relating to the hours he sits on the bench and the hours he does not. However, JOHN H. SHEARER, JR. denies that these statements were made in the context related in the charge. JOHN H. SHEARER, JR. would affirmatively state that he recognizes an obligation to the Canons of Judicial Ethics, both in and out of the courtroom, and would affirmatively state that his comments on the above subjects were intended to indicate that the officer should not treat him in any special manner because he is

a Circuit Judge, but should rather investigate the accident as if JOHN H. SHEARER, JR. were a plain ordinary citizen.''

## CONCLUSIONS

As the Commission failed to find the judge guilty of Counts I, II and IV, they are deemed dismissed and no further reference will be made in connection therewith. But the Judicial Qualifications Commission did find the judge guilty of the charge contained in Count III, and in particular, that said judge did fail to cooperate with proper law enforcement officials while they were discharging their duty of investigating a hit-and-run auto accident in which a truck owned by the judge was involved, notwithstanding the fact that he was given more deference in the investigation than that which would have been given an ordinary citizen; that such conduct was such as to violate the Code of Judicial Conduct in that it was either an impropriety or gave the appearance of an impropriety; that as to the latter portion of the charges in this Count, that the judge is not a judge between the hours of 5:00 p.m. and 8:00 a.m. the next morning, although the judge admitted that this was an error, such conduct violates the Code of Judicial Conduct in that it was an impropriety and a failure of the judge to recognize his responsibility as a member of the Judiciary.

In connection with these charges the judge gave insight into his personality which demonstrated that he may not fully appreciate the responsibilities and obligations of a member of the Judiciary. In his testimony, the following is found:

(pp. 289-290) ''Q. And your comments to Captain Clark, whatever the specific words were, did you intend any more than, if you are investigating the accident you may investigate it, you may treat me like anyone else?

A. I told Captain just about in the tone that we are talking now, I said, 'Captain, if you got something against me, just because I'm a judge, don't back off, treat me like I'm a human being. If I have done something wrong, you prove it, arrest me,' and I don't think I would turn around in that vein and look at the man and say, 'If not, leave me alone,' I just wouldn't. I was trying to tell him that I was just John Shearer in his investigation trying to talk to him, that if I done something wrong, come on with it and don't back off, and that's apparently the way I put it.

MR. DONAHEY: Judge, I'm sorry, but I can't hear those comments when you turn your head down away from the mike.

WITNESS: I apologize, Mr. Donahey, Mr. Chairman, and members of the Commission.

MR. DONAHEY:   Would you tell me what you said, please.

WITNESS:   I don't even remember what I said. Did you happen to hear me, Bill?

REPORTER:   Not completely.

WITNESS:   Joe, I just don't remember. I don't know. *I get aggravated and agitated and I run my mouth a lot.* I'm sorry.'' (Emphasis added)

(pp. 310-311)   "COMMISSIONER MORAN:   The point is you don't believe that you are a judge from eight to five?

WITNESS:   I know I'm a judge all the time. He told me of a situation one time. He said that he testified in my court and afterwards—I think it was on his testimony that I suppressed evidence or something, and I called the officer and I said, 'Don't feel bad. The Court appreciates your honesty,' and he brought that story back up to me, you see, and I was trying to explain to him, and I guess I didn't do a very good job. I know I'm a judge all the time. *Maybe sometimes I don't act like it.''* (Emphasis added)

RECOMMENDATION OF DISCIPLINE

The Commission having failed to find the respondent judge guilty of Counts I, II and IV, it therefore recommends that these charges be dismissed. The Commission having found by the necessary vote required by the Constitution of the State of Florida and the Rules of the Judicial Qualifications Commission, that the respondent judge was guilty of conduct unbecoming a member of the Judiciary as charged in Count III, it then determined by necessary vote required by the Constitution of the State of Florida and the Rules of the Judicial Qualifications Commission to recommend to the Supreme Court of Florida a public reprimand of respondent Judge John H. Shearer, Jr., and does so recommend.